IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

RAYMOND TYLER,
on behalf of himself and others similarly
situated,

    Plaintiff,

vs.                                            **COLLECTIVE ACTION**

R. KEITH ENTERPRISES, INC., a
Florida Profit Corporation, d/b/a The
Respiratory Agency, and KEITH HOPPER,
an individual, jointly and severally,

    Defendants.

_____/

## COMPLAINT

### INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff RAYMOND TYLER, and all others similarly situated to him who were formerly or are currently employed as respiratory therapists by Defendants R. KEITH ENTERPRISES, INC., (hereinafter, "R. KEITH ENTERPRISES") and KEITH HOPPER.

2. Pursuant to the FLSA, Plaintiff, on behalf of himself[1] and all others similarly situated to him, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants R. KEITH ENTERPRISES and KEITH HOPPER.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who

---

[1] Incorporated in this Complaint is Plaintiff TYLER's electronically signed consent to join this action.

were formerly or are currently employed by Defendants R. KEITH ENTERPRISES and KEITH HOPPER, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Hillsborough County, Florida and within the Middle District of Florida.

## PARTIES

6. Plaintiff RAYMOND TYLER (hereinafter "Plaintiff" or "TYLER") was, at all material times, a resident of Hillsborough County, Florida and was employed as an hourly wage respiratory therapist by Defendants R. KEITH ENTERPRISES and KEITH HOPPER for their respiratory therapy staffing agency located in Hillsborough County, Florida, until his separation from employment on or about January 1, 2023.

7. Defendant KEITH HOPPER, (hereinafter "HOPPER"), who resides in the Middle District of Florida, was, and still is, an owner and/or operator of Defendant R. KEITH ENTERPRISES.

8. Defendant HOPPER acted and acts directly in the interests of Defendant R. KEITH ENTERPRISES, in relation to its employees, including the Plaintiff and all others similarly situated, in that HOPPER hired employees, set their pay rate, determined their work schedule, and ultimately terminated many employees. Thus, HOPPER was and is an employer

within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

9. At all times material, Plaintiff was an employee of Defendants R. KEITH ENTERPRISES and HOPPER within the meaning of the FLSA.

10. At all times material, during Plaintiff's employment with Defendants R. KEITH ENTERPRISES and HOPPER, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized tools and equipment that was manufactured in other states outside of Florida.

11. At all times material, Defendant R. KEITH ENTERPRISES d/b/a The Respiratory Agency, was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA. Defendant, R. KEITH ENTERPRISES is a Florida Profit Corporation doing business within the Middle District of Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207. At all times pertinent to this Complaint, R. KEITH ENTERPRISES operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and R. KEITH ENTERPRISES obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business,

transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

## FACTUAL ALLEGATIONS

12. The allegations in Paragraphs 1 through 11 are incorporated as if fully stated herein.

13. Plaintiff is a non-exempt former employee of Defendants R. KEITH ENTERPRISES and HOPPER who worked as an hourly waged respiratory therapist for Defendants' respiratory therapy agency located in Hillsborough County, Florida.

14. From on or about February 2020 until January 1, 2023, Plaintiff worked more than 40 hours per week during many weeks of his employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid only straight time for all hours worked, even those hours in excess of forty per work week.

15. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

16. Defendants pay all of their hourly waged respiratory therapists in the same fashion. There are several other current and former employees who worked for Defendants' respiratory therapy agency who were paid only straight time for overtime hours and are thus owed the half-time premium as well.

## LEGAL CLAIMS
### COUNT I (as to Plaintiff and those similarly situated):
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by All Defendants

17. The allegations in Paragraphs 1 through 16 are realleged and fully incorporated by reference herein.

18. By its actions alleged above, Defendants R. KEITH ENTERPRISES and HOPPER, willfully, knowingly and/or recklessly violated the provisions of FLSA, which

requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

19. As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former hourly waged respiratory therapists who were employed by Defendants and who worked overtime without receiving overtime compensation. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C. To declare that Defendants' violations of the FLSA were willful;

D. To award Plaintiff and other similarly situated current and former employees of Defendants adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E. To award Plaintiff and other similarly situated current and former employees of Defendants liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F.  If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.  To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.  To award Plaintiff and other similarly situated current and former employees of Defendants their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, RAYMOND TYLER, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.


*/s/Raymond Tyler*
RAYMOND TYLER


Dated: February 2, 2023
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*